James **LUCERO**, Petitioner
and Appellant,

v.

**WARDEN OF the UTAH STATE PRIS-
ON; The Board of Pardons; and the
Utah Department of Corrections, Re-
spondents and Appellees.**

No. 920480–CA.

Court of Appeals of Utah.

Nov. 13, 1992.

James Lucero, Draper, pro se.

R. Paul Van Dam and Bruce M. Hale, Salt Lake City, for respondents and appellees.

Before BENCH, GARFF and JACKSON, JJ.

BENCH, Presiding Judge:

This matter is before the court on respondent's motion for summary affirmance and petitioner's motion for summary reversal. We summarily reverse.

In the spring of 1991, the Department of Corrections initiated a disciplinary proceeding against petitioner after petitioner allegedly committed sexual assault on a female corrections officer by grabbing her buttock. Petitioner was found guilty of the offense following a disciplinary hearing conducted by the Inmate Disciplinary Hearing Office (IDHO). He was given thirty days isolation. Petitioner appealed, and an Administrative Law Judge affirmed the decision of the IDHO.

On December 27, 1991, petitioner filed a petition for a writ of habeas corpus, claiming that he was denied due process of law in the prison disciplinary proceeding. Specifically, petitioner alleged that he was not allowed to impeach and confront witnesses, the charge was "trumped-up," no plea was entered on the record in his disciplinary hearing, he was illegally charged, and the IDHO did not follow disciplinary procedures. Petitioner claimed that, as a result, he lost his parole date.

The trial court reviewed the petition and ruled that the petition was not frivolous on its face. The court therefore directed respondent to file an answer. Instead, respondent filed a motion for summary judgment pursuant to Rule 56 of the Utah Rules of Civil Procedure. Without ever holding a hearing, the court effectively granted the motion for summary judgment denying petitioner's request for extraordinary relief under Rule 65B(b). The ruling stated that an inmate in a disciplinary proceeding is not entitled to the same procedural safeguards as a defendant in a criminal trial. Therefore, the court found that the IDHO did not violate petitioner's rights

by failing to allow petitioner to confront and cross-examine adverse witnesses. The court also found that due to the officer's complete report and the IDHO hearing which permitted inquiry into the credibility of the witnesses, there was no basis for the assertion that the charges were "trumped-up." Finally, the court found that there is no constitutional right to have a plea taken on the record in a disciplinary proceeding, that the process was conducted in accordance with the policies and procedures of the Department's manual, and that petitioner was not illegally charged. This appeal followed.

■ Initially, we must determine which subparagraph of Rule 65B, with its corresponding procedures, applies. Subsection (b), the subsection applied by the trial court, provides relief for wrongful imprisonment. Subsection (c), on the other hand, provides relief for wrongful restraint on personal liberty. The Advisory Committee Note to Rule 65B provides that subparagraph (b) governs proceedings based upon claims of wrongful imprisonment but "does not govern proceedings based upon claims relating to the terms or conditions of confinement. Claims relating to the terms or conditions of confinement are governed by subparagraph (c) of the rule." In the present case, petitioner claims his due process rights were violated in his prison disciplinary hearing and, as a result, he served thirty days in isolation and he lost his parole date. Because petitioner challenges the terms and conditions of his confinement, subparagraph (c) clearly applies.

Under subparagraph (c), the court may review the petition and dismiss it if the legality of the restraint has already been adjudicated or if the petition is frivolous on its face. Rule 65B(c)(4). However, "[i]f the petition is not dismissed as being frivolous on its face, the court *shall* issue a hearing order directing the respondent to appear before the court at a specified time for a hearing on the legality of the restraint." Rule 65B(c)(5) (emphasis added). In the hearing order, the court may direct the respondent to bring before it the person alleged to be restrained. *Id.* The rule further provides that "[t]he respondent or other person having custody shall appear with the person alleged to be restrained or shall state the reasons for failing to do so." Rule 65B(c)(9).

■ The critical issue in this case is whether the court may enter summary judgment on the issues raised in the petition without holding a hearing. Subparagraph (a) of Rule 65B provides that proceedings on petitions for extraordinary relief shall be governed by the procedures set forth elsewhere in the rules only "[t]o the extent that [Rule 65B] does not provide special procedures." Subparagraph (c) provides a special procedure such that unless the court dismisses the petition as having been previously adjudicated or as frivolous on its face, the court shall hold a hearing. In addition, Rule 4–501, Utah Code of Judicial Administration, sets forth standards governing motions for summary judgment. The rule specifically states "[t]his rule does not apply to petitions for habeas corpus...." We conclude that, given the trial court's express holding that this petition is not frivolous on its face, the applicable rules prohibit the court from granting summary judgment on the petition without holding a hearing.

We therefore reverse the trial court's dismissal of the petition and remand for proceedings consistent with this opinion.

JACKSON, J., concurs.

GARFF, Judge (dissenting):

I dissent. I would affirm the trial court's decision on the basis that the petition is frivolous on its face. *Zion's First National Bank In re Estate of Hock v. Fennemore*, 655 P.2d 1111, 1114 (Utah 1982) ("We will affirm a trial court's decision on a proper ground even if not relied upon by the trial court").