Richard A. FRAUSTO, Plaintiff and Appellant,

v.

STATE of Utah, Defendant and Appellee.

No. 970518.

Supreme Court of Utah.

Sept. 25, 1998.

J. Thomas Bowen, Jennifer Gowans, Midvale, for plaintiff.

Jan Graham, Att'y Gen., Annina M. Mitchell, Christine Soltis, Asst. Att'ys Gen., Salt Lake City, for defendant.

RUSSON, Justice:

## INTRODUCTION

Richard A. Frausto appeals from a district court order dismissing his petition for a writ of habeas corpus. The district court dismissed the petition on the ground that Frausto had failed to file his petition within the one-year statute of limitations period pursuant to Utah Code Ann. § 78–35a–107. We reverse and remand for further proceedings.

## BACKGROUND

Frausto was convicted of murder in December of 1992 and sentenced to serve a prison term of five years to life and an additional period of one to five years as a firearm enhancement, such terms to run consecutively.

Since his conviction and sentence, Frausto has been represented by several attorneys. On January 20, 1993, his trial attorney filed a notice of appeal; however, that attorney subsequently withdrew from the case because Frausto contended that he had received inadequate legal representation and that there was a conflict of interest. Another attorney was appointed to represent Frausto; however, that attorney withdrew from the case because of illness. A third attorney was appointed and then removed because he refused to take collect calls from Frausto, which made communication difficult.

On February 22, 1996, a fourth attorney was appointed to handle Frausto's appeal. After some time had passed with no communication from that attorney, Frausto requested a copy of his case from the Utah Court of Appeals [1] and discovered that on June 28, 1996, the court had executed an order dismissing his appeal for failure to file an appellant's brief. The court granted a reinstatement of the appeal provided an appellant's brief was filed within ten days of the order; however, no brief was filed.

On September 2, 1997, Frausto filed a "Motion to Withdraw Court Appointed Counsel," and on September 10, 1997, he filed a pro se petition for a writ of habeas corpus, claiming ineffective assistance of counsel both at trial and on appeal. The district court dismissed the petition pursuant to Utah Code Ann. § 78–35a–107, the one-year statute of limitations provision for post-conviction relief. Specifically, the court found that the limitations period began to run on June 28, 1996, the date on which the court of appeals dismissed his appeal, and that Frausto filed his petition on September 10, 1997, more than one year later. Therefore, the court ruled, "[By] the express terms of the statute, this fact precludes Mr. Frausto from seeking relief in a habeas petition."

The State was never served with the petition or ordered to respond to it, presumably because the court summarily dismissed the petition pursuant to section 78–35a–107. Hence, the State did not appear as a party or submit to the court's jurisdiction. Consequently, when Frausto, through counsel, appealed to this court, the State did not file an appellee's brief. We therefore granted Frausto's motion pursuant to rule 26(c) of the Utah Rules of Appellate Procedure to preclude the State from being heard at oral argument.[2]

On appeal, Frausto raises three main arguments. First, he asserts that because the right to petition for a writ of habeas corpus is

---

1. It is unclear from the record when Frausto made this request.

2. Rule 26(c) states in pertinent part, "If an appellee fails to file a brief within the time provided by this rule, or within the time as may be extended by order of the appellate court, an appellant may move that the appellee not be heard at oral argument." Utah R.App. P. 26(c).

a constitutionally protected right, it may not be limited by legislative enactment.[3] Specifically, he claims that section 78–35a–107 violates the following provisions of the Utah Constitution: (1) article I, section 7 (the due process clause); (2) article I, section 11 (the "open courts" provision); and (3) article V, section 1 (the separation of powers clause). Second, he claims that if the legislature may impose time limitations upon the right to petition for a writ of habeas corpus, one year is constitutionally unreasonable. And third, he argues that if section 78–35a–107 is constitutional, the district court erred in not analyzing the interests of justice exception found in section 78–35a–107(3).

## STANDARD OF REVIEW

■ "In reviewing an appeal from the dismissal of a petition for a writ of habeas corpus, this court does not defer to the trial court's conclusions of law that underlie the dismissal. 'We review those for correctness.'" *Wright v. Carver,* 886 P.2d 58, 60 (Utah 1994) (quoting *Kelbach v. McCotter,* 872 P.2d 1033, 1035 (Utah 1994)).

## ANALYSIS

■ In this appeal, Frausto challenges the constitutionality of Utah Code Ann. § 78–35a–107, the one-year statute of limitations provision for post-conviction relief. That statute provides that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78–35a–107(1) (1996). The statute also provides that "[if] the court finds that the interests of justice require, a court may excuse a petitioner's failure to file within the time limitations." *Id.* § 78–35a–107(3) (the "interests of justice" exception).

■ Because of the unusual disposition of this case—i.e., the State did not file an appellee's brief and was precluded from being heard at oral argument—it would be imprudent for this court to uphold or strike down a statute without allowing the State to respond and argue in favor of the statute's constitutionality. However, in our recent decision in *Julian v. State,* 966 P.2d 249 (Utah 1998), we stated that "the mere passage of time can never justify continued imprisonment of one who has been deprived of fundamental rights, regardless of how difficult it may be for the State to reprosecute that individual." *Id.* at 254. Thus, *"no statute of limitations may be constitutionally applied to bar a habeas petition." Id.* While we did not address the constitutionality of section 78–35a–107 in *Julian,* we clearly stated that proper consideration of meritorious claims raised in a habeas petition will always be in the interests of justice. *Id.* Therefore, in light of *Julian,* courts must *always* consider the "interests of justice" exception in section 78–35a–107 when a petitioner raises meritorious claims.

■ In the instant case, the district court dismissed Frausto's habeas corpus petition without considering whether the interests of justice excused his failure to file within the one-year period. Because a petitioner's failure to comply with a statute of limitations may never be a proper ground upon which to dismiss a habeas corpus petition, we hold that the district court erred in dismissing Frausto's petition. We therefore reverse the district court's order and remand for further proceedings consistent with this opinion.

DURHAM, Associate C.J., concurs in Justice RUSSON's opinion.

HOWE, C.J., and ZIMMERMAN, J., concur in the result.

Having disqualified himself, Justice STEWART does not participate herein; Utah Court of Appeals Judge RUSSELL W. BENCH sat.

BENCH, Court of Appeals Judge, concurring in the result:

As recognized by the main opinion, Utah Code Ann. § 78–35a–107(1) (1996) provides a statute of limitations for post-conviction relief. "A petitioner is entitled to relief only if

---

**3.** The Utah Constitution provides, "The privilege of the writ of habeas corpus shall not be suspended, unless, in case of rebellion or invasion, the public safety requires it." Utah Const. art. I, § 5.

the petition is filed within one year after the cause of action has accrued." *Id.* Subsection (3), however, provides for an exception: "If the court finds that the interests of justice require, a court may excuse a petitioner's failure to file within the time limitations." Utah Code Ann. § 78–35a–107(3). I believe this statutory scheme requires a trial court to consider the "interests of justice" exception whenever a petition is filed beyond the one-year limitation. Because the court did not even consider the statutory exception, I agree that the case must be remanded. *See Provo City Corp. v. State,* 795 P.2d 1120, 1125 (Utah 1990) ("We have a duty to construe statutes to avoid constitutional conflicts.").

If on remand the trial court believes the interests of justice require it, the court must consider the merits of the petition. If, on the other hand, the court concludes that the interests of justice do not require consideration of the merits of the petition, I believe the trial court can properly dismiss the case based on Frausto's failure to comply with the one-year statute of limitations. I therefore disagree with the main opinion's holding that "a petitioner's failure to comply with a statute of limitations may never be a proper ground upon which to dismiss a habeas corpus petition."