1999 UT App 096

**Richard S. SWART, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 981430-CA.

Court of Appeals of Utah.

March 25, 1999.

Mitchell R. Barker and Thomas E. Stamos, West Valley City, for Appellant.

Jan Graham, Attorney General, and Norman E. Plate, Assistant Attorney General, Salt Lake City, for Appellee.

Before WILKINS, P.J., and DAVIS and ORME, JJ.

## OPINION

PER CURIAM:

¶ 1  This matter is before the court on appellant's amended motion for summary disposition seeking summary reversal of an order of the trial court dismissing his petition for post-conviction relief.  We reverse and remand for further proceedings consistent with this opinion.

¶ 2  On August 11, 1998, appellant filed a motion for summary disposition with this court, urging us to summarily reverse and remand the case to the district court for the purpose of holding an evidentiary hearing. In support of his motion, appellant cited *Julian v. State*, 966 P.2d 249 (Utah 1998).  Specifically, appellant argued that *Julian* declared the statute of limitations set forth in Utah Code Ann. § 78–35a–107 (1996) unconstitutional, and that it was manifest error for the trial court to dismiss his petition pursuant to the statute of limitations.  We disagreed and denied appellant's motion for summary disposition by order issued September 21, 1998.  In light of new case law issued subsequent to our order denying his motion, appellant has filed an amended motion for summary disposition.

¶ 3  Appellant urges this court to summarily reverse the trial court's dismissal of his petition and remand the case based upon the supreme court's recent opinion in *Frausto v. State*, 966 P.2d 849 (Utah 1998).  Once again, appellant asserts that *Frausto*, like *Julian*, "ruled that limitation of action statutes regarding habeas corpus petitions violate fundamental constitutional rights."

While in *Julian* the supreme court, in dicta, intimated that "*no* statute of limitations may be constitutionally applied to bar a habeas petition," 966 P.2d at 254 (emphasis in original), in *Frausto*, a plurality opinion in which a majority concurred *in the result only*, the supreme court did not address the constitutionality of section 78–35a–107.  Rather, it merely remanded the case to the trial court because the trial court failed to consider the "interests of justice" exception to the statute of limitations.  *Frausto*, 966 P.2d at 851.

¶ 4  Because no court has yet actually declared the statute of limitations set forth in section 78–35a–107 unconstitutional, the trial court did not commit manifest error in dismissing appellant's petition as untimely per se under the statute.  However, in light of *Frausto*, the trial court did err by dismissing the petition without fully considering the "interests of justice" exception.  *See id.* ("[C]ourts must *always* consider the 'interests of justice' exception in section 78–35a–107 when a petitioner raises meritorious claims.") (emphasis in original).  In its order, the trial court stated, "Petitioner's lack of legal training and unawareness of the one-year statute of limitations do not satisfy the interests of justice exception warranting departure from the statutory time-limit (sic)."  The trial court did not consider whether the "interests of justice" warranted a departure from the statutory time limit in light of all the facts and circumstances, but only considered the narrow issue of whether appellant's lack of experience and knowledge warranted application of the exception.  *Cf. Julian*, 966 P.2d at 254 ("[P]roper consideration of meritorious claims raised in a habeas corpus petition will *always* be in the interests of justice.") (emphasis in original).  Accordingly, we conclude that the trial court erred, and we reverse the dismissal of appellant's petition and remand the case to the trial court for further proceedings consistent with this opinion.