2002 UT App 333

**Andrew D. MOENCH, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20010517–CA.**

Court of Appeals of Utah.

Oct. 10, 2002.

Bruce A. Jacques, South Jordan, for Appellant.

Before BILLINGS, Associate P.J., ORME, and THORNE, JJ.

## OPINION

THORNE, Judge:

¶1 Andrew D. Moench appeals the dismissal of his petition for post conviction relief. We reverse and remand for further proceedings.

## BACKGROUND

¶2 Moench filed a Petition for Relief Under the Post Conviction Remedies Act. *See* Utah Code Ann. §§ 78–35a–101 to –304 (1996); Utah Rule of Civil Procedure 65C. In his petition, Moench alleged that: (1) his trial counsel was ineffective; (2) he entered his guilty plea without full knowledge; (3) he was sentenced under an unconstitutional statute; and (4) the sentencing court lacked jurisdiction to impose sentence.

¶3 The court reviewed the merits of Moench's claims, found them unpersuasive, and dismissed the petition as frivolous. Moench appeals.

## ISSUES AND STANDARD OF REVIEW

¶4 Moench argues that the trial court erroneously dismissed his petition for post conviction relief. An appeal from a judgment on a petition for post conviction relief raises questions of law reviewed for correctness, giving no deference to the trial court's conclusion. *See Wickham v. Galetka*, 2002 UT 72,¶7, 452 Utah Adv. Rep. 64, —— P.3d ——, 2002 WL 1728629.

¶5 As part of our review, we must determine whether the court properly followed rule 65C. Construction of a rule presents a question of law, which we also review for correctness and without deference to the lower court's conclusion. *See Lancaster v. Utah Bd. of Pardons*, 869 P.2d 945, 947 (Utah 1994).

## ANALYSIS

¶6 The sole issue on appeal is whether the trial court erred when it summarily dismissed Moench's petition for post conviction relief. Resolution of this issue turns on the proper construction of rule 65C(g) of the Utah Rules of Civil Procedure, which plainly states that upon receiving a petition, the trial court's sole responsibility is to determine whether the petition is frivolous on its face. Rule 65C(g) states:

The assigned judge shall review the petition, and, *if it is apparent* to the court that any claim has been adjudicated in a prior proceeding, or if any claim in the petition *appears frivolous on its face*, the court shall forthwith issue an order dismissing the claim, stating either that the claim has been adjudicated or that the claim is frivolous on its face. The order shall be sent by mail to the petitioner. Proceedings on the claim shall terminate with the entry of the order of dismissal. The order of dismissal need not recite findings of fact or conclusions of law.

(2) *A petition is frivolous on its face when, based solely on the allegations contained in the pleadings and attachments, it appears that:*

(A) *the facts alleged do not support a claim for relief as a matter of law;*

(B) *the claims have no arguable basis in fact;* or

(C) the petition challenges the sentence only and the sentence has expired prior to the filing of the petition.

*Id.* (emphasis added). Pursuant to the plain language of rule 65C(g), when a court receives a petition for post conviction relief it must first evaluate the petition to determine whether any claim has been previously adjudicated or whether the petition "appears frivolous on its face." *Id.* If the facts alleged in the petition do not support a claim for relief as a matter of law, or if the claims have no arguable basis in fact, then the court shall dismiss the petition as frivolous on its face. *See id.*

¶7 In another context, "frivolous" has been defined as "not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App. P. 33(b). To determine whether a post conviction petition is frivolous, a trial court need only determine whether the petition contains sufficient facts to state a cause of action. *C.f. Alvarez v. Galetka*, 933 P.2d 987, 989 (Utah 1997) (concluding a Fed.R.Civ.P. 12(b)(6) motion in habeas corpus proceeding is roughly

equivalent to a determination of whether a petition is frivolous on its face). Thus, a trial court must review a post conviction petition on its face to ensure that the petitioner pleaded each element of the relief sought. *C.f. id.; Lancaster,* 869 P.2d at 947–48. Only after this threshold determination is completed may the court instruct the Attorney General to respond to the petition, conduct a hearing, or rule on the merits. *See* Utah R. Civ. P. 65C(h)-(j).

¶ 8 Here, during its initial review of the petition, rather than merely examining Moench's petition on its face, the trial court addressed the merits of Moench's claims. Regarding Moench's ineffective assistance of counsel claim the court stated, "[i]n my opinion, [counsel] acted in the best interest[ ] of [Moench] and any claim to the contrary is not appropriate." The court also reviewed the record and concluded that Moench knowingly and voluntarily entered his guilty plea and thereby waived his complaints regarding sentence enhancement. Finally, the court concluded that the sentencing court had original jurisdiction to impose sentence because Moench waived the forty-five day sentencing timeline. *See* Utah R.Crim. P. 22(a).

¶ 9 The court's reasoning illustrates that rather than facially reviewing Moench's petition, the court addressed its underlying merits. By its action, the court ignored the plain language of rule 65. *See Lucero v. Warden of Utah State Prison,* 841 P.2d 1230, 1231 (Utah Ct.App.1992) (holding that rule 65B prohibits a court from granting summary judgment on a petition without holding a hearing).

¶ 10 We have reviewed Moench's petition and conclude that it is not frivolous on its face. Moench has alleged sufficient facts in the petition to establish each element of the relief sought. For example, to succeed on his ineffective assistance of counsel claim, Moench must prove that his counsel's performance fell below an objective standard of reasonable professional judgment, thereby prejudicing him. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Moench claimed that he entered a guilty plea because his counsel told him that he, the attorney, would later move the court to reduce his charges. His counsel failed to make such a motion. Fur-

thermore, Moench alleges that his counsel knew that the gang enhancement statute under which Moench was sentenced had been declared unconstitutional, but did not object to its use. With these allegations, Moench has made a prima facie claim that his counsel was ineffective.

¶ 11 Additionally, Rule 11 of the Utah Rules of Criminal Procedure requires a trial court to verify that a defendant's guilty plea is voluntary, that the defendant knows and understands all the constitutional rights being waived, that the defendant knows and understands the nature and elements of the crime to which he is pleading, and that the State is required to prove each element of a crime beyond a reasonable doubt. Utah R.Crim. P. 11(e)(2), (3), (4)(A). Moench alleged that his guilty plea was not voluntary because the plea was entered without Moench's knowledge of all the elements of the gang enhancement statute and without knowledge that the State would have to prove each element of the gang enhancement statute beyond a reasonable doubt. *Id.* These alleged facts are sufficient to constitute a prima facie claim that the requirements of rule 11 were not met.

¶ 12 Moench next claimed that he was sentenced under an unconstitutional statute. In *State v. Lopes,* 1999 UT 24,¶ 16, 980 P.2d 191, the Utah Supreme Court declared unconstitutional Utah Code Ann. § 76–3–203.1(5)(c) (1995), a portion of the gang enhancement statute. *Id.* Moench's petition stated that he was sentenced under this statute after it was declared unconstitutional, thus, Moench has made a prima facie claim that his sentence was suspect.

¶ 13 Finally, Moench argued that the trial court lacked jurisdiction to impose his sentence. Rule 22 of the Utah Rules of Criminal Procedure requires a sentence to be imposed not less than two days and not more than forty-five days after the entry of a guilty plea or verdict. Moench's petition stated that he was sentenced more than forty-five days after entry of his plea. This allegation constitutes a prima facie claim that the requirements of rule 22 were not met.

¶ 14 Accordingly, the petition set forth sufficient factual claims to constitute a prima

facie case for each of Moench's requests for relief. Consequently, the trial court erred when it found the petition frivolous on its face. We reverse and remand, directing the trial court to order the Attorney General to file a response and to hold, if necessary, an evidentiary hearing.

## CONCLUSION

¶ 15 For the foregoing reasons, we reverse and remand for further proceedings.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and GREGORY K. ORME, Judge.