2008 UT App 425

**David M. PYNE, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent.**

**No. 20080126–CA.**

Court of Appeals of Utah.

Nov. 28, 2008.

---

David M. Pyne, Tooele, Appellant pro se.[1]

Before Judges BENCH, DAVIS, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Petitioner David M. Pyne challenges the Third District Court's dismissal of his petition for post-conviction relief, the court having concluded the petition was untimely. Pyne asserts that the court failed to consider the "interests of justice" exception found in Utah Code section 78–35a–107(3). *See* Utah Code Ann. § 78–35a–107(3) (Supp.2007) ("If the court finds that the interests of justice require, a court may excuse a petitioner's failure to file [a petition for post-conviction relief] within the time limitations.").[2] Pyne asserts that new information came to his attention following his first appeal before this

---

1. The State is not a party to this appeal because the Third District Court dismissed Pyne's petition before the State was required to answer.

2. We cite to the version of the Utah Code that was in effect at the time Pyne filed his petition. The interests of justice exception found in the 2007 version of Utah Code section 78–35a–107(3) was recently renumbered and amended but became effective following the filing of Pyne's petition. *See* Utah Code Ann. § 78B–9–107(3) & amend. notes (Supp.2008).

court, *see State v. Pyne,* 2006 UT App 23U, 2006 WL 181522 (mem.) (per curiam), which information establishes that he did not associate with a known felon as defined by law and therefore did not violate his probation by associating with a known felon. He accordingly avers that the "interests of justice exception" applies to excuse his untimely petition, as this new information shows that his counsel was ineffective in failing to raise a viable defense and in advising him to admit to that particular violation. We agree that this new information provides a sound explanation for his untimely filing and provides evidence supporting his ineffective assistance of counsel claim.

 ¶ 2 Because it presents questions of law, we review a district court's dismissal of a post-conviction relief petition for correctness. *See Benvenuto v. State,* 2007 UT 53, ¶ 9, 165 P.3d 1195. "[C]ourts must *always* consider the 'interests of justice' exception in section 78–35a–107 when a petitioner raises meritorious claims." *Frausto v. State,* 966 P.2d 849, 851 (Utah 1998) (emphasis in original). "An analysis of what constitutes an exception in the 'interests of justice' should involve examination of both the meritoriousness of the petitioner's claim and the reason for an untimely filing." *Adams v. State,* 2005 UT 62, ¶ 16, 123 P.3d 400. There is no "hard and fast rule that a petitioner must be able to demonstrate both that his claim is meritorious and that he was justified in raising it late; rather, we expect that the district court will give appropriate weight to each of those factors according to the circumstances of a particular case." *Id.* The applicable statute provides that "[a] person is not eligible for [post-conviction] relief ... upon any ground that ... was raised or addressed at trial or on appeal; [or] could have been but was not raised at trial or on appeal[.]" Utah Code Ann. § 78–35a–106(1)(b)–(c) (2002). Rule 65C(g)(1) of the Utah Rules of Civil Procedure further provides that a court shall dismiss a petition for post-conviction relief "if it is apparent to the court that any claim has been adjudicated in a prior proceeding, or if

any claim in the petition appears frivolous on its face." Utah R. Civ. P. 65C(g)(1).

¶ 3 The Third District Court revoked Pyne's probation after Pyne admitted, via affidavit, to violating two conditions of his probation: (1) "associat[ing] with a known criminal" and (2) "fail[ing] to enter into, participate in or complete a program [of] counseling or treatment as directed[.]" In his Petition for Relief Under the Post–Conviction Remedies Act, Pyne brought four claims, including that his counsel rendered ineffective assistance.[3]

¶ 4 We note that while the Third District Court did not specifically address the interests of justice exception, the court did consider and address Pyne's ineffective assistance of counsel claim rather than dismiss it outright as untimely. The court concluded that Pyne could have raised his ineffective assistance of counsel claim during his prior appeal because he was represented by new counsel, and therefore concluded that his claim was "frivolous on its face."

 ¶ 5 It is not clear that the record would necessarily have been adequate to consider the ineffective assistance claim on direct appeal. *See generally State v. Humphries,* 818 P.2d 1027 (Utah 1991). But either way, Pyne should not be faulted if both his counsel in the revocation proceeding and his appellate counsel failed to investigate whether or not the man Pyne associated with was a known felon as defined by law. *See* Utah Code Ann. § 78–35a–106(2) (2002) ("Notwithstanding Subsection (1)(c), a person may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel."). Nor, we hasten to add, is Pyne's concern wholly speculative. On the contrary, in proceedings in the Fifth District Court following Pyne's first appeal, it was apparently determined that the associate was not a known felon. Under the interests of justice exception, Pyne accordingly has provided evidence that explains his late filing: He did not know there was an issue

---

3. Because we conclude that the interests of justice exception applies to excuse the untimely filing of his ineffective assistance of counsel claim, we need not reach Pyne's other claims, which were inadequately briefed in any event.

about whether he actually associated with a known felon, as defined by law, before the Fifth District Court rendered its decision on the issue.

¶ 6 Further, as concerns the meritoriousness factor of the interests of justice exception, Pyne has provided some evidence that may support a determination that his counsel provided ineffective assistance. To succeed on his ineffective assistance claim, Pyne must demonstrate (1) "that counsel's performance was deficient," i.e., that it "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) prejudice, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, 104 S.Ct. 2052.

¶ 7 Pyne has provided some evidence suggesting that his counsel's assistance was deficient insofar as counsel failed to perform basic research and to investigate whether Pyne actually associated with a known felon before advising Pyne to admit to that alleged violation of his probation. While the prejudice element may be more difficult for Pyne to prove given that he also admitted violating a second condition of his probation-failing to attend a substance abuse meeting-we conclude that this potential fundamental error by his counsel calls counsel's entire performance into question and tends to undermine confidence in the revocation decision. A conclusion that prejudice occurred is much more likely, of course, if, as Pyne alleges, he missed the substance abuse meeting only because he was in custody at the time he was supposed to attend.[4]

4. Pyne's counsel, accordingly, may also have been deficient in failing to raise this defense to that alleged probation violation.

5. Pyne additionally challenges the constitutionality of any time restriction—or in the alternative, a one-year time restriction as provided in Utah Code section 78–35a–107(1), *see* Utah Code Ann. § 78–35a–107(1) (Supp.2007)—on when a petitioner may file a petition for post-conviction relief. As we conclude that the interests of justice exception applies to excuse his untimely filing, *see id.* § 78–35a–107(3), we do not reach the

¶ 8 As Pyne has presented evidence that explains his untimely petition and as this same evidence shows that his ineffective assistance of counsel claim has potential merit, we reverse the Third District Court's dismissal of his petition for post-conviction relief and remand so that the State can respond to the petition and for such other proceedings, consistent with the Post–Conviction Remedies Act and Rules of Civil Procedure, as are now in order. *See generally* Utah R. Civ. P. 65C; *Moench v. Utah*, 2002 UT App 333, 57 P.3d 1116.[5]

¶ 9 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judges.

constitutional issues. *See Harry v. Schwendiman*, 740 P.2d 1344, 1346 (Utah Ct.App.1987) ("We do not reach constitutional issues raised by appellant as this case is reversed on other grounds and remanded for possible further evidentiary hearing."). We note, however, that the Utah Supreme Court has previously indicated that "it would be imprudent" to declare a statute unconstitutional in a case, like this one, where the State is not a party to the appeal and did not present argument on the issue. *See Frausto v. State*, 966 P.2d 849, 851 (Utah 1998).