IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Herbert Landry, | ) | OPINION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110480-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 13, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 350 |
| Respondent and Appellee. | ) | |

-----

Fourth District, Provo Department, 100402172
The Honorable Steven L. Hansen

Attorneys:    Cory A. Talbot and M. Benjamin Machlis, Salt Lake City, for Appellant
              Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellee

-----

Before Judges Orme, Roth, and Christiansen.

ROTH, Judge:

¶1      Herbert Landry appeals from the dismissal of his petition for postconviction relief. Landry's petition asserted five claims, including two claims alleging violations of his due process rights, an insufficient evidence claim, and separate claims of ineffective assistance against trial counsel and appellate counsel. We reverse and remand for an evidentiary hearing or other appropriate proceedings on the limited issue of whether appellate counsel was ineffective when he did not raise on direct appeal the ineffective assistance of trial counsel. We affirm on the remaining issues.

¶2      Landry was convicted of aggravated arson, a first degree felony, for setting his Provo, Utah apartment on fire. *See generally* Utah Code Ann. § 76-6-103 (LexisNexis

2012). At his trial, Landry's landlord testified that he had told Landry, who had been a problematic tenant, that he was being evicted as of the date of the fire, and two neighbors testified that they had seen Landry leave the building shortly before the fire began. Two investigating officers testified for the prosecution that the fire was the result of arson, based on burn patterns on the floor, the dearth of personal items in the apartment, and alerts to three separate areas within the burnt-out apartment and to one of Landry's socks and his shoe by a dog trained to detect ignitable liquids. The defense did not call an arson expert to refute the State's investigators, nor did trial counsel consult an expert, despite her admitted lack of experience in either arson cases or fire investigation. Instead, on cross-examination, counsel elicited testimony that the state crime lab had not found any ignitable liquids in the samples from the scene other than heptane, a construction adhesive commonly used in carpet installation, which the State stipulated was not a suspected accelerant. Further, counsel obtained an admission that the investigators had not located any containers containing flammable liquids at the apartment or in the hotel room where Landry had planned to spend the night. The defense called a third neighbor to testify that he had seen another person at Landry's apartment moments before the fire began. Landry also took the stand in his own behalf to explain that he had left the apartment to rent a hotel room and planned to return that evening for a final walk-through inspection with the landlord and to pick up his personal items, including clothing, medications, and financial documents, which he had left packed in a suitcase.

¶3 After he was convicted, Landry appealed. The only issue raised on appeal was the sufficiency of the evidence. This court rejected that claim and affirmed Landry's conviction. *See State v. Landry*, 2008 UT App 461U (mem.).

¶4 Landry then filed the petition for postconviction relief that is at issue here. Landry asserted, first, that his due process rights had been violated by the State's presentation of experts who he claims used discredited investigation techniques in determining that the cause of the fire was arson. Second, he argued that his due process rights were violated by a deficient fire investigation, which, if properly done, could have led to the discovery of exculpatory evidence and possibly another suspect. Third, he contended that the evidence presented at trial was insufficient to support his conviction. And finally, he alleged that both his trial counsel and appellate counsel were ineffective because trial counsel failed to "investigate expert opinions" on the cause of the fire and to "mount a 'non arson' defense" and appellate counsel failed to raise trial

counsel's shortcomings as an issue on appeal in the form of an ineffective assistance of counsel claim.

¶5     On the State's motion, the district court dismissed all but the claim of ineffective assistance of appellate counsel on the basis that the dismissed claims were procedurally barred because they either were or could have been raised on direct appeal. The court dismissed Landry's final claim on the basis that appellate counsel's performance was not deficient as a matter of law. The court also reasoned that "[t]he jury was well within its rights to draw the inferences it did," i.e., that the fire was arson-caused and that Landry started it, because "the evidence against [Landry] was quite strong and compelling" and therefore Landry had "failed to show that there is a reasonable possibility that but for [any] errors the result would have been different." "The district court's decision granting the State's motion to dismiss presents questions of law that we review for correctness." *Medel v. State*, 2008 UT 32, ¶ 16, 184 P.3d 1226

I. Ineffective Assistance of Appellate Counsel

¶6     Landry contends that he is entitled to a hearing on his ineffective assistance of appellate counsel claim. "[I]n order to proceed with a petition for post-conviction relief, a petitioner's pleadings must contain sufficient facts that, when viewed in the light most favorable to him, demonstrate some obvious injustice or the violation of a constitutional right." *Id.* ¶ 22 (footnote citation omitted). Thus, in order to sufficiently state a claim of ineffective assistance of counsel, Landry must allege facts showing that "his counsel's performance fell below an objective standard of reasonable professional judgment, thereby prejudicing him." *See Moench v. State*, 2002 UT App 333, ¶ 10, 57 P.3d 1116. The district court concluded that Landry's petition failed to state a claim because "the fact alone that trial counsel may not have consulted an expert and did not call [a defense] expert at trial is not enough to establish ineffective assistance of counsel," thus rendering harmless appellate counsel's failure to raise a claim for ineffective assistance of trial counsel. Landry's complaint about trial counsel's performance, however, is broader than simple dissatisfaction with counsel's decision not to call or consult an arson expert. He contends that his trial counsel completely failed to mount a non-arson defense in the face of a prosecution based on weak circumstantial evidence that the fire was actually the result of an intentional act and prosecution expert testimony based on discredited investigation techniques. According to Landry, counsel's deficiencies included failing to consult a fire investigation or arson expert despite counsel's

admitted unfamiliarity with arson, failing to call an expert to rebut the State's arson theory, and, in the absence of such expert testimony, failing to effectively cross-examine the State's experts and other witnesses regarding both the factual and opinion evidence that supported its arson theory. Landry argues that these failures were prejudicial because had counsel prepared a non-arson defense, including a robust cross-examination of the State's witnesses and rebuttal expert arson testimony, there was a reasonable likelihood that he would have been acquitted.

¶7      To support his contention, Landry attached to his petition a report (Fire Classification, Origin, Cause and Responsibility Analysis), prepared by David Smith, an expert in fire science and investigation techniques who Landry located after trial. In his report, Smith cited the prosecution's fire investigators' "fail[ure] to follow recognized practices and methodologies" as the reason for their reaching the conclusion that the cause of the fire was arson, "an opinion" that Smith characterized as "flawed," "not . . . justified by the physical evidence," and incapable of withstanding "scientific challenge." For example, Smith asserted that the investigators did not conduct a fire reconstruction, a significant tool for

> "see[ing] the fire patterns on the exposed surfaces[, which] enables the investigator to make a more accurate origin analysis." Proper reconstruction of the fire area of origin is required in an attempt to establish the fuel load (amount of available fuel), heat release rate (rate at which a fuel provides energy release), and fuel arrangement (ability to spread).

(Quoting National Fire Protection Association Document 921, *A Guide for Fire and Explosion Investigation* 135 (2004).) Nor did the investigators complete an electrical arc survey, which "professional investigators [use] in establishing a fire's area of origin." Because all fires, no matter the source, "will compromise electrical circuits in th[e] area," Smith explained that "[t]he fact that investigators apparently found no arcing establishes the lack of proper scene examination techniques or the incorrect area of origin." Smith's report concludes, "This fire is properly classified as undetermined . . . due to the Investigating Authorities' failure to identify the arrangement (target/secondary fuels), volume (fire load) and type (heat release rate) of fuels present" as well as due to "ignition sources present within the area of origin . . . not be[ing]

scientifically excluded as competent ignition sources. These sources include smoking materials and electrical sources." Smith further concluded that "[n]o credible physical evidence exists to indicate that this fire was the result of an intentional act by Herbert Landry," explaining that burn patterns of the type identified by the local fire investigators as being indicative of an intentional fire "are routinely observed, due to air entrainment, and are of little evidentiary value, barring a positive laboratory analysis of an ignitable liquid." Thus, Landry's claim that trial counsel performed ineffectively is more complex and better supported than simply "the fact alone that trial counsel may not have consulted an expert and did not call [a defense] expert at trial," which the district court stated as a basis for its dismissal.

¶8    Cases dealing with similar allegations of ineffective assistance seem to support Landry's position that his claim has sufficient potential, at least when viewed at the pleading stage, to warrant further proceedings. For example, in *Dugas v. Coplan*, 428 F.3d 317 (1st Cir. 2005), the defendant was convicted of arson for setting fire to the grocery store that he managed and owned. *Id.* at 319–20. At trial, the prosecution called fire experts, who testified that the fire was intentionally set based on the lack of flame or charring damage expected from an electrical fire and the burn patterns on a pile of papers that indicated the pile had been tightly packed. *Id.* at 320, 323–24. Additionally, a canine trained to detect fire accelerants "'alerted'" to the pile of papers, some of which subsequently tested positive for ignitable liquids. *Id.* at 320. The defendant's conviction was upheld on appeal, and he subsequently filed a petition for a writ of habeas corpus, citing ineffective assistance of counsel for inadequately pursuing a non-arson defense, particularly for not consulting an expert. *Id.* at 319, 325. That petition was denied by the district court. *Id.* at 326. On review, the First Circuit acknowledged that "reasonably diligent counsel are not always required to consult an expert as part of pretrial investigation in a case involving the use of expert witnesses by the state," but it nevertheless determined that counsel's failure to fully investigate a non-arson defense was deficient and prejudicial in this case for several reasons. *Id.* at 328–30. For one, "challenging the state's arson case was critical to [the] defense" because the only other available defense—another suspect—was "difficult to mount and fraught with evidentiary problems." *Id.* at 329. In addition, the state's case depended on arson evidence whose weaknesses would have been revealed by a thorough, expert-assisted defense investigation. *Id.* The First Circuit also found it significant that although this was defense counsel's first arson case and he lacked knowledge of fire investigation principles, he decided to accept the state's characterization of the scene rather than seek

guidance from an outside expert. *Id.* at 329–30. Counsel's challenge to the state's experts therefore was limited to cross-examination, as it was in Landry's case. *See id.* at 324. But because of counsel's inexperience and unfamiliarity with arson, his cross-examination was unfocused and failed to challenge critical conclusions asserted by the state's experts. *Id.* at 324, 331. The First Circuit therefore concluded that counsel's failure to mount a non-arson defense, particularly his failure to consult an arson expert, "cannot be classified as a conscious, reasonably informed tactical decision" and that if counsel had pursued such a defense, there was "a distinct possibility that . . . the outcome of the trial would have been different." *Id.* at 332, 341.

¶9      In *Houskeeper v. State*, 2008 UT 78, 197 P.3d 636, our supreme court reached a similar conclusion regarding counsel's failure to "present an adequate defense" when considering whether to grant postconviction relief. *Id.* ¶¶ 39, 2 (internal quotation marks omitted). There, the defendant was charged with aggravated sexual assault and forcible sodomy. *Id.* ¶ 7. The juvenile court held a hearing to determine whether it should retain jurisdiction over the defendant, who was seventeen, or order that he be tried as an adult under the presumption that "cases involving inherently violent and aggressive offenses by juveniles sixteen years of age and older will be transferred to the district court." *Id.* ¶¶ 8, 7 (footnote citation and internal quotation marks omitted). At the hearing, defense counsel did not call an expert to rebut the state's experts' opinions that the sexual encounter was not consensual. *Id.* ¶ 11. The defendant was bound over to the district court, where he was tried by a jury. *Id.* ¶¶ 13–14. At trial, defense counsel put on medical experts who opined that the victim's injuries could be consistent with "first-time consensual sex." *Id.* ¶ 44. As a result, the defendant was convicted of attempted rape, a lesser included offense of aggravated sexual assault that did not include an element of violence or aggression, and acquitted of forcible sodomy. *Id.* ¶¶ 14 & n.9, 40. The supreme court concluded that counsel was ineffective because his failure to call adequate defense witnesses at the retention hearing fell below an objective standard of reasonableness and "may have caused significant prejudice to [the defendant] . . . [based on] the severity of the consequences that resulted from being tried as an adult." *Id.* ¶¶ 47, 51 (omission and second alteration in original) (emphasis and internal quotation marks omitted). *See also Dees v. Caspiri*, 904 F.2d 452, 454–55 (8th Cir. 1990) (per curiam) (explaining that where the expert evidence is critical to the case, "counsel ha[s] a duty to make a diligent investigation of the forensic evidence and its potential weaknesses" and "to garner the expertise necessary to cross examine" the expert); *State v. Templin*, 805 P.2d 182, 187 (Utah 1990) (explaining that where the state's

case depended on the testimony of the victim of rape, counsel's failure to "adequately investigate the underlying facts of [the] case, including the availability of prospective defense witnesses" cannot constitute "reasonable professional assistance" (footnote and internal quotation marks omitted)).

¶10    Landry's petition includes evidence in the form of an expert's affidavit that on its face supports his allegations that counsel's decision not to consult an arson expert despite her unfamiliarity with arson investigation or defense, as well as her failure to put on a competent non-arson defense as a result, cannot be attributed to a reasonable trial strategy and amounted to deficient performance. *See generally State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (requiring the defendant to show deficient performance, which means that counsel's representation "fell below an objective standard of reasonable professional judgment" and the challenged action cannot be considered sound strategy). The State argues that even if we are inclined to view Landry's petition as adequately presenting a challenge to counsel's performance, it was nevertheless wanting because "he failed to assert how he was prejudiced by appellate counsel's performance." *See generally id.* (requiring the defendant to demonstrate that the deficient performance prejudiced him, meaning that it likely affected the outcome of the case).

¶11    Although Landry does not include a specific prejudice statement regarding appellate counsel, this is not fatal to his claim. After all, Landry asserts that but for trial counsel's ineffectiveness, it was reasonably likely that he would not have been convicted, and he does identify the acts or omissions by trial counsel that he viewed as deficient and describes how trial counsel's purported deficiencies prejudiced his case. The prejudice resulting from appellate counsel's failure to raise a claim of ineffective assistance of trial counsel claim is, in this posture, automatic: If trial counsel's deficiencies were prejudicial, appellate counsel's failure to raise those deficiencies is necessarily prejudicial in the same way and to the same extent. The prejudice from Landry's claim that appellate counsel was deficient in failing to assert on appeal trial counsel's ineffective representation is therefore implicit in his argument that he was prejudiced by trial counsel's deficient performance. Thus, Landry has pleaded a prima facie case of ineffective assistance of appellate counsel, and it was error to dismiss that aspect of his petition for failure to state a claim.[1] *See Moench*, 2002 UT App 333, ¶ 10

---

1. The district court explained that the prejudice prong was lacking because "the

(continued...)

(explaining, in the context of considering whether the defendant's claim was properly dismissed as frivolous for failing to state a claim, that because the defendant had alleged facts to establish each element, he had made a prima facie claim of ineffective assistance of counsel). Consequently, we remand for further proceedings on Landry's ineffective assistance of appellate counsel claim.

## II. Remaining Claims

¶12    We affirm the dismissal of Landry's remaining claims for postconviction relief. These claims include assertions that Landry's trial counsel was ineffective and that his

---

1. (...continued)
evidence against [Landry] was quite strong and compelling." As Landry points out, however, this type of assessment, which was apparently based on the judge's impression of the evidence in the criminal case over which he had also presided, is not appropriate when determining simply whether a petitioner has stated sufficient grounds to proceed on his petition. For the first time on appeal, the State contends that its motion ought to instead be considered as one for summary judgment, which would allow the court to consider material outside the petition, presumably including the district court's own recollections and assessment of the evidence at trial. Even if we were to accept the State's contention that this was a summary judgment motion, we cannot agree that the court's conclusion, which is based on the merits of the case, is proper at this early stage in the proceedings. *See generally* Utah R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Rather, Landry's burden is merely to set forth "sufficient facts in the petition to establish each element of the relief sought," a burden that we conclude he has satisfied. *See Moench v. State*, 2002 UT App 333, ¶ 10, 57 P.3d 1116 (explaining that to withstand a motion for dismissal of an ineffective assistance claim, a postconviction petitioner must allege facts that show that "his counsel's performance fell below an objective standard of reasonable professional judgment, thereby prejudicing him"); *see also* Utah R. Civ. P. 65C(d)(3) ("The petition shall state . . . in plain and concise terms, all of the facts that form the basis of the petitioner's claim to relief . . . .").

due process rights were violated when the fire investigators failed to conduct their investigation according to current established scientific methods, destroyed potentially exculpatory evidence, failed to investigate other plausible suspects, and testified as to their conclusion that the cause of the fire was arson when that conclusion was based on outdated and discredited fire investigation techniques. The State responded that these claims were procedurally barred because they could have been raised on direct appeal. *See generally* Utah Code Ann. § 78B-9-106(1)(b)–(c) (LexisNexis 2012) (identifying claims that were or could have been brought on direct appeal as circumstances under which a petitioner's claims are procedurally barred); *id.* § 78B-9-106(2)(a) (placing the initial burden on the state to assert preclusion). We conclude that Landry has not carried his burden of demonstrating that these claims are not procedurally barred.

¶13    Landry's brief largely focuses on the viability and merits of his claims, without discussion of the procedural bar. Apparently in recognition of this limitation, Landry attempts to assert an exception to preclusion in a single paragraph, in which he contends that our failure to consider his due process claims "will result in a fundamental miscarriage of justice." In support of his argument, Landry cites to three United States Supreme Court cases in which the exception is considered in the context of when a state prisoner can receive federal habeas review for constitutional violations that are procedurally barred in state court. To the extent his ineffective assistance of trial counsel and due process claims are implicated by his ineffective assistance of appellate counsel claim, they are mooted by our decision to remand for further proceedings. We will not undertake further consideration of his claims because Landry has failed to adequately address how the Supreme Court cases he cites apply to overcome the preclusive effect of the procedural bar in this case. *See generally State v. Davie*, 2011 UT App 380, ¶ 16, 264 P.3d 770 (mem.) ("An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court. Utah courts routinely decline to consider inadequately briefed arguments." (citations and internal quotation marks omitted)). In addition, Landry generally asserts that this court should review whether his attorneys were ineffective for failing to raise his due process claims in earlier proceedings. Except in relation to his claim that trial counsel did not effectively cross-examine or rebut the State's experts regarding the evidence indicating arson, Landry did not make an ineffective assistance argument with respect to due process violations in his petition for postconviction relief, nor does his briefing address the issue in any meaningful way. *See generally id.* For these

reasons, we uphold the dismissal of the ineffective assistance of trial counsel and due process claims as procedurally barred.[2]

## III. Conclusion

¶14    Landry's petition for postconviction relief states a claim for ineffective assistance of appellate counsel sufficient to survive the motion to dismiss and to entitle him to an evidentiary hearing or other proceeding at which the merits of his claim may be evaluated. We affirm the dismissal of all his other claims.

_____

Stephen L. Roth, Judge

-----

¶15    WE CONCUR:

_____

Gregory K. Orme, Judge

_____

Michele M. Christiansen, Judge

---

2. It appears that Landry has abandoned his claim regarding the sufficiency of the evidence on appeal as he neither identifies it as an issue presented for review nor addresses this claim in the analysis section of his brief. We therefore affirm its dismissal without further consideration.