FILED
United States Court of Appeals
Tenth Circuit

July 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT PEDOCKIE,

      Petitioner - Appellant,

v.

ALFRED BIGELOW, Warden at the Utah
State Prison,

      Respondent - Appellee.

No. 14-4021
(D.C. No. 2:11-CV-01028-CW)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

      Robert Pedockie requests a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the

appeal.

**I**

      On jury trial beginning in September 2002, Pedockie was convicted of aggravated

kidnapping. His conviction was later reversed and the case was remanded for a new trial.

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2007, Pedockie was again convicted of aggravated kidnapping. He was sentenced to an indeterminate prison term of ten years to life. The conviction was affirmed by the Utah Court of Appeals, and certiorari was denied by the Utah Supreme Court.

Pedockie filed a petition for state post-conviction relief, which was dismissed by the Second Judicial District Court of Weber County. The court concluded that each of Pedockie's claims was procedurally barred or lacked merit. On appeal, the Utah Court of Appeals determined that it could not consider any of the issues that Pedockie raised in his state collateral proceeding because each claim was defaulted under state law. See Pedockie v. State, No. 20100372-CA, 2010 WL 4264440, at *1 (Utah Ct. App. Oct. 28, 2010) (unpublished) ("[E]ach issue raised by Pedockie was known to him at the time of his direct appeal and could have been raised at trial or in his direct appeal but was not."); see also Utah Code § 78B-9-106 (precluding post-conviction relief "upon any ground that . . . could have been but was not raised at trial or on appeal"). The Court of Appeals concluded that the only potential exception, Pedockie's claim for ineffective assistance of appellate counsel, was insufficiently raised in his original petition for post-conviction relief, and thus the court could not "consider the issue on appeal." Pedockie, 2010 WL 4264440, at *1. The Utah Supreme Court denied certiorari.

Pursuant to 28 U.S.C. § 2254, Pedockie petitioned for a writ of habeas corpus. The federal district court dismissed the petition because Pedockie's claims "either fail to raise a federal question or are procedurally defaulted." The district court denied a COA,

- 2 -

and Pedockie seeks a COA from this court.

## II

To appeal the district court's denial of § 2254 relief, Pedockie must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Pedockie proceeds pro se, we construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).[1]

Pedockie does not meaningfully address the procedural default grounds upon which the federal district court and the state courts relied. He instead argues several merits issues, claiming: (1) his case should have been dismissed pursuant to Utah's former speedy trial statute, Utah Code § 77-29-1, see State v. Larson, No. 20070874-CA, 2008 WL 4516865, at *1 (Utah Ct. App. Oct. 9, 2008) (unpublished); (2) the state trial judge was biased; (3) his counsel was constitutionally ineffective; (4) the prosecution improperly charged him with additional crimes after he successfully appealed his initial conviction and the court erroneously denied him credit for time served; (5) prosecutorial

_____

[1] Pedockie requests the assistance of an attorney, which we construe as a challenge to the district court's denials of his motions for appointment of counsel. "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). The district court did not abuse its discretion in declining to appoint counsel in this case.

misconduct marred his trial; and (6) there was an improper warrant and mishandling of evidence related to the seizure of his car.

These claims were not all raised in the district court. To the extent that they were not raised below, they are forfeited. See Abernathy v. Wandes, 713 F.3d 538, 551 (10th Cir. 2013). Moreover, we agree with the district court that those claims that were raised were procedurally defaulted.

"As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (quotations and alterations omitted). "A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision." Banks v. Workman, 692 F.3d 1133, 1145 (10th Cir. 2012) (quotation omitted), cert. denied, 133 S. Ct. 2397 (2013). The Utah Court of Appeals, which was the last state court to substantively engage with Pedockie's post-conviction claims, clearly relied on state law to determine that every claim he raised was procedurally defaulted, and thus the grounds were independent. See Pedockie, 2010 WL 4264440, at *1 (citing Utah Code § 78B-9-106, Utah R. Civ. P. 65C).

We also conclude that the state law grounds were adequate. "To satisfy the adequacy element, a state procedural rule must be strictly or regularly followed and

applied evenhandedly to all similar claims." Banks, 692 F.3d at 1145 (quotations

omitted). Pedockie does not argue that § 78B-9-106 and Rule 65C fail to meet the

adequacy requirement, and we see no reason to doubt that Utah's appellate courts apply

the cited law and rule regularly and evenhandedly. See, e.g., Landry v. State, 293 P.3d

1092, 1097 (Utah Ct. App. 2012) (§ 78B-9-106); Tillman v. State, 288 P.3d 318, 323

(Utah Ct. App. 2012) (§ 78B-9-106); Lafferty v. State, 175 P.3d 530, 541 (Utah 2007)

(Rule 65C).[2] Pedockie "fails to assert either cause and prejudice excusing this default,"

or to demonstrate "that this court must review th[e] claim[s'] merit to prevent a

fundamental miscarriage of justice." Hawkins v. Mullin, 291 F.3d 658, 670 (10th Cir.

2002). We therefore conclude that reasonable jurists could not debate whether the district

court should have resolved the petition in a different manner.

### III

For the foregoing reasons, Pedockie's request for a COA is **DENIED** and this

---

[2] To the extent Pedockie pursues a claim regarding the alleged delay in his first trial, we agree with the federal district court that even if the claim states a federal question it is nonetheless defaulted because it was never presented to the Utah Supreme Court. See Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) ("The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." (quotation omitted)). We also agree with the district court that Pedockie's due process claim regarding alleged exculpatory evidence has been procedurally defaulted.

appeal is **DISMISSED**.  Pedockie's motion to proceed in forma pauperis on appeal is

**GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge