FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL MOREHEAD,

     Petitioner - Appellant,

v.

THE DOUGLAS COUNTY,
COLORADO, COUNTY COURT;
CYNTHIA H. COFFMAN, Attorney
General, State of Colorado,

     Respondent - Appellee.

No. 15-1481
(D.C. No. 1:14-CV-02920-PAB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

---

     Paul Morehead, a Colorado state prisoner, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 application for a

writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial

of a § 2254 application). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a

COA and dismiss this matter.

---

     * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

## A. *State Proceedings*

The State of Colorado charged Mr. Morehead with driving under the influence and driving with excessive alcohol content. The State planned to present Cynthia Burbach's testimony at trial. Ms. Burbach was a supervisor at the Colorado Department of Health and Environment laboratory, where Mr. Morehead's blood alcohol content was tested after his arrest.

Leading up to trial, Mr. Morehead issued a subpoena duces tecum to the University of Colorado at Colorado Springs seeking Ms. Burbach's graduate school application. Mr. Morehead asserted Ms. Burbach's application, which included her undergraduate transcript, would reveal she knowingly misrepresented her academic background while testifying as an expert witness in other cases.

The Douglas County Court quashed the subpoena, concluding the jury might place a disproportionate value on Ms. Burbach's undergraduate record. The jury convicted Mr. Morehead of the lesser included offense of driving while ability impaired. He was sentenced to ten months in jail with an additional 365 days stayed upon condition of successful completion of supervised probation.

On direct appeal to the state district court, Mr. Morehead contended the county court improperly quashed the subpoena seeking Ms. Burbach's academic records. The state district court affirmed the county court, concluding Ms. Burbach's undergraduate

records would have been irrelevant to her testimony.

Mr. Morehead then filed a petition for certiorari in the Colorado Supreme Court, which was denied.

B. *Federal District Court Proceedings*

Mr. Morehead filed a 28 U.S.C. § 2254 application for a writ of habeas corpus with the United States District Court for the District of Colorado. The application raised one claim for relief, asserting he "was convicted in violation of his right to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the Untied [sic] States by the knowing use of perjured testimony and the suppression of evidence which would have revealed the perjury to the jury." Aplt. App. at 10 (capitalization altered).

The district court concluded the claim had two distinct parts: (1) "actual perjury" and (2) "suppressed evidence." Aplt. App. at 92. That is, Mr. Morehead argued there were constitutional violations (1) when Ms. Burbach committed perjury by testifying at trial about her laboratory's accreditation and (2) when the County Court quashed the subpoena seeking Ms. Burbach's academic records.

On April 27, 2015, the district court dismissed the "actual perjury portion" of the claim as unexhausted and procedurally barred. Aplt. App. at 100.

On October 16, 2015, the district court addressed the merits of the "suppressed evidence" portion of the claim and concluded Mr. Morehead was not entitled to relief. The court therefore denied Mr. Morehead's § 2254 application and denied a certificate of appealability. Mr. Morehead then filed this application requesting a COA only on the

-3-

"suppressed evidence" portion of his claim.

## II. **DISCUSSION**

### A. *Standard of Review*

A COA is necessary to appeal from a district court's denial of a § 2254 application. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, Mr. Morehead must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He may do so by "showing that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

When, as here, a state court has decided the applicant's claim on the merits, we make this COA determination by "look[ing] to the District Court's application of [The Anti-Terrorism and Effective Death Penalty Act ("AEDPA")] to [the applicant's] constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336. AEDPA provides that federal courts cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

B. *Analysis*

Mr. Morehead argued in his § 2254 application that his conviction violated his Fifth and Fourteenth Amendment rights based on "the suppression of evidence [Ms. Burbach's academic records] which would have revealed perjury to the jury." Aplt. App. at 10. He contended the suppression was contrary to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, which hold due process requires disclosure of exculpatory evidence.

The Government filed an answer to Mr. Morehead's § 2254 application. In his response to the Government's answer, Mr. Morehead relied on *Davis v. Alaska*, 415 U.S. 308 (1974), to argue he was denied his Sixth Amendment right to cross-examination. The district court refused to consider the argument because Mr. Morehead did not raise a Sixth Amendment claim in his § 2254 application.

In his application to this court for a COA, Mr. Morehead abandons his *Brady* due process argument and focuses on his *Davis* Sixth Amendment argument. But the Sixth Amendment claim was absent from the initial § 2254 application and was therefore forfeited. *See Pedockie v. Bigelow*, 581 F. App'x 698, 700 (10th Cir. 2014) (unpublished) (holding claims not raised in § 2254 application are forfeited);[1] *Davis v.*

---

[1] We find the reasoning of this unpublished opinion, though not precedential, to be instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

*Workman*, 695 F.3d 1060, 1077 (10th Cir. 2012) (holding a COA applicant forfeited a claim of error in district court's failure to hold an evidentiary hearing by not seeking a hearing in his § 2254 proceeding).

Moreover, Mr. Morehead does not contest the district court's ruling on his *Brady* due process claim. He has thus failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## III. **CONCLUSION**

For the foregoing reasons, we deny Mr. Morehead's application for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge